UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT ZEHE, | ) | CASE NO.   5:10CV1785 |
| | ) | 5:07CR0574 |
| PETITIONER, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

Before the Court is petitioner's pro se motion under 28 U.S.C. § 2255 to vacate, reduce and correct his sentence. (Crim. Doc. No. 371.)[1] Respondent has filed an opposition brief (Doc. No. 383); petitioner filed no response to the opposition.

## I. DISCUSSION

**A.   Background**

On July 11, 2008, after pleading guilty to one count of conspiracy to distribute and to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), petitioner[2] was sentenced to 78 months of incarceration and 4 years of supervised release. (Doc. No. 231.) He was represented by counsel at his sentencing hearing. No appeal was ever filed from the sentence he received.

---

[1] All docket references are to the criminal case docket.

[2] Petitioner was indicted on November 6, 2007, along with thirteen others, in a three-count indictment wherein he was charged only on count one. He pled guilty on May 1, 2008.

By the terms of the plea agreement, the parties agreed that petitioner's base offense level was 32 and, "[e]xcept for Acceptance of Responsibility and the possible application of the 'safety valve' provision (U.S.S.G. §2D1.1(b)(11)), the parties agree[d] that no other offense level adjustments should apply." (Doc. No. 190, ¶ 7.) The government also agreed to recommend that petitioner receive three points for acceptance of responsibility. (*Id*. ¶ 8.) The plea agreement made clear that the parties anticipated a final offense level of 29, or 27 if safety valve applied.

The Presentence Report (PSR) provided a base level of 32 and added two points for possession of a dangerous weapon, for an adjusted offense level of 34. After allowing three points for acceptance of responsibility, the final adjusted offense level was 31. Through counsel, petitioner filed objections to the enhancement for possession of a weapon and challenged the criminal history category as being overstated. The probation officer agreed that the overstated criminal history category may be grounds for departure.

On the day of sentencing, petitioner's counsel withdrew the objection to the firearm enhancement. However, he urged the Court to consider a departure so as to lower the criminal history category.

The Court concluded that the criminal history category of III overstated petitioner's past criminal conduct and lowered it to II, without any objection from the government. The base offense level was found to be 32 and, with the added two-level increase for the firearm possession, the final offense level was 34. This was adjusted to 32 for acceptance of responsibility. The government recommended, and the Court adopted, an additional one-level reduction for acceptance of responsibility, resulting in an offense level of 31. Because petitioner had also given substantial assistance to the government, an additional four-level reduction was

granted, for a final offense level of 27. With a criminal history category II and a final offense level of 27, the sentencing range was 78 to 97 months. Petitioner was sentenced to 78 months, plus four years supervised release.

No appeal was filed, making the judgment final for purposes of a § 2255 motion as of July 21, 2008. 28 U.S.C. § 2255(f); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) (judgment becomes final upon the expiration of the ten-day period in which a defendant could have appealed).[3]

**B.    Analysis**

Petitioner raises one ground in support of his motion to vacate, set aside or correct his sentence, namely, ineffective assistance of counsel. He asserts that counsel failed to properly investigate the facts of the case and, therefore, failed to object to the two-point firearm enhancement.

The government argues that, under 28 U.S.C. § 2255(f), petitioner's motion is time-barred but that, in any event, he is unable to meet the test in *Strickland v. Washington*, 466 U.S. 668 (1984) to establish ineffective assistance of counsel because petitioner's attorney actually obtained a result that included a better guideline calculation than the result that probably would have followed from a finding of no increase for gun possession.

The Court need not decide the merits of petitioner's assertion of ineffective assistance of counsel because, as argued by the government, this motion is time-barred under § 2255(f). To have been timely, the motion should have been filed by July 21, 2008. It was not filed until August 12, 2010. Nor is petitioner assisted by the fact that he sought an extension of

---

[3] At his sentencing hearing, petitioner was advised of his right to appeal and that such appeal would need to be filed within ten days. *See* Doc. No. 382 at 20-22.

time which was not granted. That extension was not sought until August 17, 2009, a date by which the one-year statute had long since run.

## II. CONCLUSION

For the reasons set forth herein, petitioner's motion brought pursuant to 28 U.S.C. § 2255 is **DENIED** and this case will be **DISMISSED**.

The Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: May 3, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**